(Complaint Law Library)

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM, )
)  CRIMINAL CASE NO. CM0312-12
vs. )
)
)
LUTHER OLAN JULAO, )  DECISION AND ORDER
)
Defendant. )
)
_____ )

This matter came before the HONORABLE VERNON P. PEREZ on March 6, 2013 for Defendant's Motion to Dismiss. Assistant Public Defender Suresh Sampath represented Defendant, who was present. Assistant Attorney General Brian Gallagher appeared on behalf of the Government. The Court took the motion under advisement. After hearing the Parties' arguments, reviewing the record and considering the Parties' pleadings, the Court now issues the following Decision and Order.

### BACKGROUND

The alleged crimes underlying this case occurred June 10, 2010. Defendant was given a Citation and Notice to Appear on June 1, 2011. The Complaint for CM0549-11 was filed on May 4, 2011. On February 23, 2012 Defendant's case was dismissed due to a violation of *People v. Rasauo,* 2011 Guam 14. CM0549-11 was closed on February 27, 2012. The Complaint in this criminal action was re-filed on March 28, 2012. Defendant is charged with driving while under the influence of alcohol, driving while under the influence of alcohol (B.A.C.), improper storage of an open container and reckless driving. Preceding his arrest, Defendant was discovered at approximately 3:36a.m., on the roadway, after striking the median and having the right front tire detach from the vehicle. The Court earlier denied Defendant's Motion to Dismiss. Defendant now moves to have the Court reconsider its December 19, 2012 Decision and Order.

## DISCUSSION

**Standard of Reconsideration**

Generally, there are several grounds upon which a motion for reconsideration may be granted. These include situations where the trial court: 1) is presented with new evidence; 2) committed clear error or the decision was manifestly unjust; or 3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1, ¶ 10 (April 2, 1998) (citations omitted); *See also People v. Haulde*, 1999 Guam 3. GRCP Rule 60 states in relevant part:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...(6) any other reason justifying relief from the operation of the judgment. GRCP Rule 60.

In addition, "no motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion".[1] CVR 7.1(i). Thus, the Court will only decide the issue of whether or not grounds for reconsideration exist. This Court will not decide on the merits of the case once again.

**Merits for Reconsideration**

Defendant argues that the Court misapprehended Defendant's position. Yet, it is Defendant that potentially misunderstood the Court's determination on the one year statute of limitations put forth in 8 GCA § 10.30 and *Palomo*. In fact, the Court directly discussed the one year statute of limitations argued to be violated by Defendant in the "One Year Statute of Limitations Not Violated" section of its December 19, 2012 Decision and Order. It is the Defendant who seems to confuse the number of days within a year. As there are 365 days in a year and not "356" as stated by Defendant multiple times, the Courts finding of 362 days between acts and commencement of prosecution is 3 days before a violation would occur. The Court agrees with Defendant of the presence of the yearlong statute of limitations, but it

---

[1] Where the Court is left with no applicable criminal rule, the Court may apply the relevant civil rules.

strongly disagrees with Defendant's statement that the statute of limitations is "356 days". Therefore, the Court directly addressed Defendant's argument in the earlier decision and will not grant reconsideration or address those arguments a second time.

However, if it is the tolling assessment of the Court that Defendant wishes to reconsider, the Court will only note that Defendant claimed "358-362 days of delay" in his initial motion. Defendant's Motion to Dismiss at 2. Thus, the Court will not reconsider its December 19, 2012 decision.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Reconsider. The Parties will return _4-22-2013 @ 9am CB_.

So **ORDERED** this _26_ day of March, ~~2012.~~ 2013

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

MAR 2 6 2013

Leonard F. Ventura
Deputy Clerk, Superior Court of Guam